# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW TRENKA, | ) | CASE NO. 1:16CV303 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of plaintiff Matthew Trenka ("Trenka") for an order authorizing the payment of attorney fees under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $14,220.50. (Doc. No. 23 ["Mot."].) Trenka's counsel agrees that, if the requested amount is authorized under § 406(b), counsel will remit to Trenka the fees previously awarded and paid under the Equal Access to Justice Act ("EAJA"). (Mot. at 1071[1].) Defendant Commissioner of Social Security Administration ("Commissioner") does not oppose the fee request but does not stipulate to the amount because any award under § 406(b) would be paid out of Trenka's past-due benefits, not agency funds. (Doc. No. 24 ["Res."] at 1082.)

I. **BACKGROUND**

This action, filed pursuant to 42 U.S.C. § 405(g), sought judicial review of the Commissioner's denial of Trenka's application for Disability Insurance Benefits and Supplemental Security Income. (Doc. No. 1 (Complaint).) On December 29, 2016, the Court reversed the Commissioner's decision and remanded the matter to the Commissioner for further proceedings. (Doc. No. 18.) The parties subsequently requested that Trenka be awarded attorney

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

fees under the EAJA, 28 U.S.C. § 2412. (Doc. No. 21.) On July 26, 2017, the Court granted the parties' joint motion and awarded Trenka $6,501.03 in attorney fees. (Doc. No. 22.) On remand, and following a hearing, a fully favorable decision was rendered to Trenka on July 20, 2018.

Trenka's counsel now requests the Court to authorize a fee award, under 42 U.S.C. § 406(b), in the amount of $14,220.50. In support of her motion, counsel has attached an affidavit setting forth her professional background and experience (Doc. No. 23-1), counsel's time sheets (Doc. No. 23-2), the contingency fee agreement between Trenka and counsel (Doc. No. 23-3), and the Commissioner's award (Doc. No. 23-5). The award reflects that the sum of $20,220.50, or an amount equal to 25% of the total award, has been withheld to compensate Trenka's legal representative. (Doc. No. 23-5 at 1081.)

## II. LAW AND ANALYSIS

There are two statutes under which a plaintiff may recover attorney fees in a social security disability case. First, under the EAJA, a plaintiff may recover attorney fees which, if awarded, are paid by the government. *See* 28 U.S.C. § 2412. Second, as part of the judgment rendered in favor of a plaintiff, a court may award a reasonable fee for an attorney's representation in court which, if awarded, is to be paid out of a plaintiff's past-due benefits, not as an addition to the amount of past-due benefits. *See* 42 U.S.C. § 406(b). The fees awarded pursuant to 42 U.S.C. § 406(b) may not be in excess of 25 percent of the total past-due benefits. *Id*. Further, a plaintiff's counsel may not receive fees under both statutes for the same work. *Bowman v. Colvin*, No. 1:09 CV 248, 2014 WL 1304914, at *2 (N.D. Ohio Mar. 27, 2014). Thus, if a court awards both EAJA fees and fees under 42 U.S.C. § 406(b), the plaintiff's attorney is required to refund the smaller amount to the plaintiff. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

2

To be entitled to an award under § 406(b), an attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. Section 406(b) "does not displace contingent-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. A 25% contingency fee agreement "should be given weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). A deduction of a contingency fee award may be appropriate when (1) counsel acted improperly or provided ineffective assistance, or (2) "counsel would . . . enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. If the foregoing reasons are not applicable, "an agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable." *Hays v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991).

An award will not be considered improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990). As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. Accordingly, the Court will not find that a contingency fee agreement has generated a windfall to the attorney where "the hypothetical hourly rate determined by dividing the number

of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422.

Here, counsel and Trenka have a contingency fee agreement which provides that counsel's fees will be 25% of Trenka's past-due benefits. (Doc. No. 23-3 at 1078.) The submitted time sheets show that counsel spent 38.25 hours representing Trenka before this Court. (Doc. No. 23-2 at 1077.) The fee sought by counsel of $14,220.50 translates into a hypothetical hourly rate of $371.77. This rate is less than twice the hourly rate of $350.00 normally charged by Trenka's counsel and is *per se* reasonable. *See Hayes*, 923 F.2d at 422. (*See* Doc. No. 23-1 at 1076, ¶ 6.) Moreover, there have been no allegations, nor has the Court found any instances, of improper attorney conduct or ineffectiveness of counsel which would cause the Court to reduce the amount of the requested fee. Quite the contrary, Trenka was well represented by counsel in this case. The Court finds that counsel has satisfied her burden of demonstrating the reasonableness of the requested fee.

### III. CONCLUSION

For the reasons set forth herein, the Court hereby GRANTS the motion and AWARDS attorney fees in the amount of $14,220.50 under 42 U.S.C. § 406(b) provided that Trenka's counsel refunds to Trenka $6,501.03 in attorney fees that this Court previously awarded under the EAJA.

**IT IS SO ORDERED**.

Dated: November 22, 2019

                                                 **HONORABLE SARA LIOI**
                                                 **UNITED STATES DISTRICT JUDGE**